IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KERRY HICKS,

    Petitioner,                    No. CIV S-02-1040 LKK JFM P

    vs.

TOM CAREY, Warden,

    Respondent.              FINDINGS AND RECOMMENDATIONS

                          /

        Petitioner, a state prisoner, has filed <u>in propria persona</u>[1] a motion pursuant to Fed. R. Civ. P. 60(b)(4) and (6) to vacate the judgment entered in this action on May 13, 2006 denying his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent opposes the motion.

        Petitioner was convicted in 1999 on charges of kidnaping pursuant to California Penal Code § 207. Petitioner was also found to have suffered two prior serious felonies, Cal. Penal Code § 667(b)-(i). (Clerk's Transcript ("CT") 137-38.) Petitioner was acquitted of kidnapping for purposes of robbery and of robbery. (CT 217-20.).[2] Petitioner was sentenced to

---

[1] Petitioner was represented by court-appointed counsel during the pendency of proceedings on the merits of his application.

[2] Petitioner's conviction of felony false imprisonment was reversed on appeal.

1

1  31 years to life in prison.[3]  This action proceeded to judgment on two claims raised in petitioner's
2  amended petition, filed January 13, 2002:  (1) that petitioner was deprived of his right to a
3  defense when the state courts refused to instruct the jury that petitioner reasonably believed that
4  the complaining witness consented to accompany petitioner; and (2) the state court's finding that
5  the admission of uncharged prior offenses was harmless error was an unreasonable application of
6  federal law and had a substantial and injurious effect on the verdict.  As noted above, the petition
7  was denied on March 13, 2006, and judgment was entered on the same day.  Petitioner appealed
8  from the judgment, which was affirmed by the United States Court of Appeals for the Ninth
9  Circuit on January 25, 2007.

10              On May 27, 2008, petitioner filed the instant motion to vacate.  Petitioner seeks to
11  vacate the judgment in order to raise two claims challenging the three strikes sentence imposed
12  on his 1999 conviction.  The first claim petitioner seeks to raise is that the sentence violates his
13  plea agreement in one of the underlying convictions used as a strike, and the second is that his
14  federal right to due process was violated because the jury was instructed not to determine
15  whether the prior convictions qualified as strikes and never made a true finding that petitioner's
16  1994 conviction was a strike.  Respondent opposes the motion on the ground that it is actually a
17  second or successive habeas corpus application and that petitioner has not obtained from the
18  United States Court of Appeals the authorization required by 28 U.S.C. § 2244(b)(3)(A) to
19  proceed on such an application.

20              Rule 60(b) of the Federal Rules of Civil Procedure "is the appropriate rule to
21  invoke when one wishes a court to reconsider claims it has already decided." Hamilton v.
22  Newland, 374 F.3d 822, 825 (9th Cir. 2004).  On the other hand, where a habeas petitioner raises
23  for the first time in a Rule 60(b) motion "new constitutional challenges to their state court

---

[3] Petitioner was sentenced to 25 years to life for kidnapping and to a determinate term of six years, five years for the prior serious felony conviction enhancement (§ 667(a), and one year for the prior prison term enhancement (§ 667.5(b)).  (CT 270.)

1  convictions that they urge as independent bases for habeas relief," the motion should be
2  construed as a second or successive application.  <u>Hamilton</u>, at 824 (citing <u>Cooper v. Calderon</u>,
3  274 F.3d 1270, 1273-74 (9th Cir. 2001) and <u>Thompson v. Calderon</u>, 151 F.3d 918, 921 (9th Cir.
4  1998).

5     Here, petitioner raises two claims that were not included in petitioner's amended
6  petition and were not decided by the district court when petitioner's application for habeas
7  corpus relief was denied.  The motion should, therefore, be construed as a second or successive
8  application for habeas corpus relief.  <u>See</u>, <u>e.g.</u>, <u>Hamilton</u>, <u>supra</u>.  So construed, before petitioner
9  can proceed with the instant application he must move in the United States Court of Appeals for
10 the Ninth Circuit for an order authorizing the district court to consider the application, 28 U.S.C.
11 § 2244(b)(3), and petitioner's application must be dismissed without prejudice to its refiling
12 upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

13    In accordance with the above, IT IS HEREBY RECOMMENDED that
14 petitioner's May 27, 2008 motion to vacate judgment be construed as a second or successive
15 application for a writ of habeas corpus and, so construed, that it be dismissed without prejudice
16 to its refiling upon obtaining authorization from the United States Court of Appeals for the Ninth
17 Circuit.

18    These findings and recommendations are submitted to the United States District
19 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
20 days after being served with these findings and recommendations, petitioner may file written
21 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
22 Findings and Recommendations."  Petitioner is advised that failure to file objections within the
23 /////
24 /////
25 /////
26 /////

1 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
2 F.2d 1153 (9th Cir. 1991).
3 DATED: November 17, 2008.

                                      UNITED STATES MAGISTRATE JUDGE

12
hick1040.2nd

4